FOR PUBLICATION

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| ESTATE OF JAMES KEAN, EARNEST KEAN, ALVA MARSH, WARREN MARSH, JEWEL MARSH MOOLENAR, and PATRICIA LOONEY, individually, and as guardian for IRMA MARSH CALIGIONE, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, through the NATIONAL PARK SERVICE, TRUST FOR PUBLIC LAND, LEILA ADLER, IRMA CALIGIONI, CAROLYN ORTIZ, individually and as executor of the ESTATE OF HALLIE ORTIZ, OUIDA NELSON, JOSEPH ADLER, VALENTINO NELSON, NELINDA NELSON, and the ESTATE OF DOUGLAS NELSON, | ) ) ) ) ) ) ) ) ) ) | Civil No. 1998-176 |
| Defendants. | ) ) | |
| UNITED STATES OF AMERICA, through the NATIONAL PARK SERVICE, | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| TRUST FOR PUBLIC LAND, | ) ) | |
| Third-Party Defendant. | ) ) | |

ATTORNEYS:

Cathy M. Smith, Esq.
St. Croix, U.S.V.I.
    *For the plaintiffs,*

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 2

**Joycelyn Hewlett, Esq.**
St. Thomas, U.S.V.I.
   *For the United States of America through the National Park Service,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
   *For the Trust for Public Land,*

**Carol Ann Rich, Esq.**
St. Thomas, U.S.V.I.
   *For Carolyn Ortiz, individually and as executor of the Estate of Hallie Ortiz,*

**Valentino Nelson**
St. Thomas, U.S.V.I.
   *Pro se,*

**Nelinda Nelson**
St. Thomas, U.S.V.I.
   *Pro se.*

<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, C.J.**

   Before the Court is the motion of the Trust for Public Land (the "Trust") for judgment on the pleadings on Counts One and Three of its counterclaim to quiet title in certain real property against the Estate of James Kean, Ernest Kean, Alva Marsh, Warren Marsh, Jewel Marsh Moolenaar, and Patricia Looney, individually, and as guardian for Irma Marsh Caligione (collectively, the "Plaintiffs").  The Trust also moves for judgment on the pleadings on Counts One and Three of its cross-claim to quiet title against the Estate of Douglas Nelson, Valentino Nelson, and Nelinda Nelson (the "Nelsons").  Alternatively, the Trust moves

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 3

for summary judgment on its counterclaim and cross-claim.  For
the reasons stated below the Court will grant the motion for
judgment on the pleadings.

## I.  FACTS

On March 27, 1961, Harvey Monroe Marsh ("Marsh") executed a
deed (the "1961 Deed") that conveyed life estates in certain real
property described as Estate Maho Bay, Maho Bay Quarter, St.
John, U.S. Virgin Islands (the "Maho Estate") to, amongst others,
his children: Io L. Kean, Hallie Ortiz, Leila Adler, Irma
Caligione, Carlyle Marsh, Aegis Marsh, Arnet Marsh, and Ouida
Nelson.  That deed also conveyed a remainder interest in the Maho
Estate to the grandchildren of Marsh who were alive at the time
of Marsh's death.  Additionally, the deed reserved for Marsh a
life estate and the right to make further conveyances of all or
any part of the Maho Estate.

On September 30, 1965, Marsh executed a deed (the "1965
Deed") that conveyed to Hallie Ortiz a three-acre portion of the
Maho Estate known as Parcel 3A-3 Abraham's Fancy (the "Abraham's
Fancy Property").  That deed was recorded with the Recorder of
Deeds for the District of St. Thomas and St. John, United States
Virgin Islands (the "Recorder") on November 4, 1965.

In 1971, Hallie Ortiz and her husband, Antonio Ortiz
(together, the "Ortizes") occupied the Abraham's Fancy Property.

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 4

The Ortizes cleared the land at the Abraham's Fancy Property and made various improvements thereto.  They built a cistern, drilled a well, and put a mobile home on the premises.

On December 1, 1971, Marsh died.  At the time of Marsh's death, he had the following living grandchildren: James Kean, Ernest Kean, Jewel Marsh (now Jewel Marsh Moolenaar), Alva Marsh, Warren Marsh, Ronald Ortiz, Yvonne Ortiz, Carolyn Ortiz, Douglas Nelson, Patricia Ann Caligione, and Joseph Adler.

In 1996, Marsh's grandchildren, James and Ernest Kean commenced an action in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John (the "Superior Court")[1] against Marsh's children, Leila Adler, Hallie Ortiz, Irma Caligione and Ouida Nelson.  James and Ernest Kean sought, *inter alia*, the appointment of a receiver regarding the Maho Estate. When they brought the 1996 action, James and Ernest Kean were aware of the 1965 Deed conveying the Abraham's Fancy Property to Hallie Ortiz.

---

[1]   Prior to 2005, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges.  Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands.  See Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004).  Recognizing this renaming, this Court employs the terms Superior Court and Superior Court Judge.

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 5

On October 7, 1997, Hallie Ortiz executed her last will and testament, which bequeathed her interest in the Abraham's Fancy Property to her daughter, Carolyn Ortiz.

On September 8, 1998, the Plaintiffs commenced this action in the Superior Court to quiet title and for partition of the life estates and remainder interests in the Maho Estate. The complaint acknowledged that Hallie Ortiz had a fee simple interest in the Abraham's Fancy Property portion of the Maho Estate. On October 14, 1998, the matter was removed to this Court.

Hallie Ortiz died on April 30, 1999. Carolyn Ortiz inherited the Abraham's Fancy Property pursuant to her mother's will. Thereafter, Joseph Adler sold to the Trust all of his purported interest in the Abraham's Fancy Property.

On January 22, 2004, the United States filed a third party complaint in this matter, asserting an ownership interest in the Maho Estate and seeking to quiet title thereto. The United States claims that in 1970 Carolyn Ortiz, Yvonne and James Hopper, and Ronald Ortiz conveyed a 3/11 interest in the Maho Estate to the National Park Foundation, which, in 1975, conveyed such interest to the United States.

On January 28, 2004, the Trust purchased Carolyn Ortiz' interest in the Abraham's Fancy Property. The United States

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 6

subsequently amended its third-party complaint to include the

Trust as a third-party defendant.

On February 8, 2007, the Trust filed a counterclaim against

the Plaintiffs, and a cross-claim against the United States, Irma

Marsh Caligione, Ouida Nelson, and the Nelsons (collectively, the

"Cross-defendants").  That document states that the Plaintiffs,

as grandchildren of Marsh, claim an undivided interest the

Abraham's Fancy Property.  It also acknowledges that the

> United States of America . . . is the holder of undivided
> interests in [the Abraham's Fancy Property], having acquired
> the interest of Hallie Ortiz[] from her Estate, together
> with the interest of Carolyn Ortiz, Yvonne Hopper, and
> Roland Ortiz, to the extent each obtained an interest in
> [the Abraham's Fancy Property] pursuant to the Will of
> Hallie Ortiz.

(*Id.* at ¶ 9.)  "Cross-defendant Irma Marsh Caligione is the only

remaining living child of Harvey Monroe Marsh, and she holds a

life estate in [the Abraham's Fancy Property], upon the death on

November 25, 2005, of Ouida Nelson." (*Id.* at ¶ 10.)  "Cross-

defendants [the Nelsons] . . . have been identified by the

plaintiffs as holders of an interest or a future interest in

'Estate Maho Bay' . . . pursuant to the Replacement Deed." (*Id.*

at ¶ 11.)

In Count One of the counter-and-cross-claim, the Trust seeks

a declaration and judgment quieting title to the Abraham's Fancy

Property on statute of limitations grounds.  Count Two states

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 7

that the Plaintiffs and Cross-defendants are barred by the
doctrines of unclean hands, estoppel, waiver, and laches, from
asserting any claim or interest in the Abraham's Fancy Property,
or from challenging the 1965 Deed.  Count Three asserts that the
Trust is entitled to a declaration quieting title to the
Abraham's Fancy Property by adverse possession.

On July 20, 2007, the Nelsons filed an answer to the Trust's
cross-claims.  The Plaintiffs answered the Trust's counterclaim
on August 31, 2007.

On February 2, 2008, the United States and the Trust filed a
stipulation of dismissal of the United States' third-party
complaint against the Trust.  The stipulation stated that "an
amicable settlement has been reached and finalized" with respect
to the action of the United States against the Trust.
Additionally, the United States withdrew its answer to the
Trust's cross-claim.

## II.  <u>DISCUSSION</u>

Pursuant to Federal Rule of Civil Procedure 12(c) ("Rule
12(c)"), "[a]fter the pleadings are closed . . . any party may
move for judgment on the pleadings." Fed. R. Civ. P. 12(c)
(2007); *see also Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428
(3d Cir. 1991) ("A Rule 12(c) motion for judgment on the
pleadings may be filed after the pleadings are closed.").  In

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 8

reviewing a motion for a judgment on the pleadings, the Court "view[s] the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the [non-movant]." *Mele v. Fed. Reserve Bank of N.Y.,* 359 F.3d 251, 253 (3d Cir. 2004) (first alteration in the original).  The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

    "[J]udgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *E.I. DuPont de Nemours and Co. v. United States*, 508 F.3d 126, 131-32 (3d Cir. 2007) (quoting *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220 (3d Cir. 2005)).  When a plaintiff, counter-claimant, or cross-claimant moves for judgment on the pleadings,

> the question for judgment determination is whether on the undenied facts alleged in the complaint[, counterclaim, or cross-claim] and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law.

*Missouri Pacific R. Co. v. Nat'l Milling Co.,* 409 F.2d 882, 884-85 (3d Cir. 1969) (quoting *United States v. Blumenthal*, 3 Cir., 315 F.2d 351, 352-53 (3d Cir. 1963); *see also Mingolla v. Minn. Min. and Mfg. Co.,* 893 F. Supp. 499, 503 (D.V.I. 1995) ("Judgment on the pleadings under [Rule] 12(c) . . . is not

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 9

proper unless the undenied facts in both the complaint and the answer support judgment for the moving party as a matter of law.").

### III.   ANALYSIS

### A.   Count One

The Trust argues that, based on the uncontested allegations in its counterclaim, it properly holds title to the Abraham's Fancy Property as against the Plaintiffs and the Nelsons.  The Trust also contends that the Plaintiffs and the Nelsons are time-barred from asserting any rights in the Property.  Accordingly, the Trust claims, it is entitled to a judgment on the pleadings quieting title in the Abraham's Fancy Property under Count One.

In the Virgin Islands, "[a]ny person in possession . . . of real property, may maintain an action of an equitable nature against another who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate, or interest." 28 V.I.C. § 371.  "The claimant in an action to quiet title must prove the strength of his or her own title." *Dudley v. Meyers*, 422 F.2d 1389, 1394-1395 (3d Cir. 1970); *see also Alexander Hamilton Life Ins. Co. of Am. v. Gov't of the V.I.*, 757 F.2d 534, 541 (3d Cir. 1985) (quoting *United States v. Wilson*, 433 F. Supp. 57, 66 (N.D. Iowa 1977)("[G]enerally, a claimant, whether a Plaintiff or a counterclaiming Defendant, has the

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 10

burden of persuasion in a quiet title action as to the strength

of his or her own title.").

Title 5, section 31 of the Virgin Islands Code ("Section

31") sets forth a twenty-year limitations period for:

> (A)  Actions for the recovery of real property, or for the
> recovery of the possession thereof; and no action shall be
> maintained for such recovery unless it shall appear that the
> plaintiff, his ancestor, predecessor, or grantor was seized
> or possessed of the property in question within twenty years
> before the commencement of the action.

V.I. Code Ann. tit. 5, § 31(A) (1977).  Furthermore, "[a]n action

for the determination of any right or claim to or interest in

real property shall be deemed within the limitations provided for

actions for the recovery of the possession of real property." 5

V.I.C. § 32(b) (1921); *see also Club Comanche, Inc. v. Gov't of*

*the V.I.*, 278 F.3d 250, 260 (3d Cir. 2002) ("[T]here appears to

be a twenty-year statute of limitations on quiet title

actions.").

The twenty-year limitations period begins to run when the

party's cause of action accrues. 5 V.I.C. § 31.  "A cause of

action for the recovery of real property accrues when a party –

or a predecessor in interest to that party – has notice that

another party has asserted an interest in his or her property."

*Peter Bay Owners Ass'n v. Stillman*, 39 V.I. 432, 440 (D.V.I.

1998); *see also Zeleznik v. United States,* 770 F.2d 20, 23 (3d

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 11

Cir. 1985) ("[A] claim accrues when the injured party learns of

the injury and its immediate cause."). "Notice may be actual or

constructive, and actual notice may be express or implied."

*Netsky v. Sewer* 205 F. Supp. 2d 443, 457 (D.V.I. 2002);

*Stillman*, 39 V.I. at 440.[2] Count One of the Trust's counterclaim

states that "the [P]laintiffs and the [Nelsons], or their

predecessors in interest have all been on actual or constructive

notice of the conveyance of the [Abraham's Fancy Property] to

Hallie Ortiz pursuant to the September 30, 1965[,] Deed for more

than twenty . . . years." (Counter-and-Cross-Claim of the Trust

for Public Land ¶ 39, Feb. 8, 2007.) Count One also asserts that

"the September 30, 1965[,] Deed was duly executed, notarized, and

witnessed in accordance with the laws of the Virgin Islands."

(*Id.* at ¶ 40.) "As such, [P]laintiffs and [the Nelsons] . . .

are barred from asserting any right, claim, or interest in the

[Abraham's Fancy Property] . . . by the Virgin Islands Statute of

Limitations. . . ." (*Id.* at ¶ 41.) Consequently, the Trust

---

[2] Notice "is express when it consists of knowledge actually
delivered into the hands of a person; notice may be implied when
it consists of knowledge of facts so informative that would cause
a reasonably cautious person to be led by them to the ultimate
fact." *Bennerson v. Small*, 23 V.I. 113, 116 (D.V.I. App. Div.
1987); *see also Netsky*, 205 F. Supp. 2d at 457 ("Constructive
notice is a legal fiction designed to impute notice to a person
not having actual notice where that person has knowledge of
certain facts which should lead him to the ultimate fact.").

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 12

claims, "as a successor in interest to Hallie Ortiz, [it] is entitled to a declaration and judgment quieting title to [the Abraham's Fancy Property] . . . ." (*Id.* at ¶ 42.)

The Plaintiffs, in their counterclaim answer, admit all of the substantive allegations relevant to Count One of the Trust's action against them.  In particular, the "Plaintiffs admit that they were on notice of the conveyance of the [Abraham's Fancy Property] . . . to Hallie Ortiz, pursuant to the September 30, 1965[,] Deed, and admit that they are on notice of that conveyance for more than 20 years." (Plaintiffs' Answer to the Trust's Counterclaim ¶ 39.)  The Plaintiffs also admit in their counterclaim answer that the September 30, 1965, deed was duly recorded, executed, notarized, and witnessed; that Section 31(1) prohibits them from asserting any claim in the Property; and that the Trust is entitled to a judgment quieting title therein.

On the other hand, the Nelsons' cross-claim answer states that "[t]he Nelsons do not admit or deny" the vast majority of the facts alleged in the Trust's cross-claim, including all of the substantive allegations relevant to Count One.[3]

_____

[3]  The Nelsons have denied only three of the Trust's allegations, paragraphs 46 through 48, all of which state legal conclusions regarding the equitable claims asserted in Count Two, which is not at issue in the instant motion.

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 13

Federal Rule of Civil Procedure 8(b)(6) ("Rule 8(b)(6)")
provides that "[a]n allegation – other than one relating to the
amount of damages – is admitted *if a responsive pleading is
required* and the allegation is not denied." Fed. R. Civ. P.
8(b)(6) (2007).  Furthermore, a party is required to respond to
claims asserted against it by an opposing party. *See* Fed. R. Civ.
P. 7(a); Fed. R. Civ. P. 8(b)(1)(B).  Thus, because the Trust
filed a cross-claim against the Nelsons, the Nelsons were
required to respond to the allegations asserted therein. *See id.;
see also Resolution Trust Corp. v. Rowe,* 1993 WL 451475 at *1
(N.D. Cal. Oct. 22, 1993) (explaining that the cross-defendant
"was required to file an answer to [the] Cross-claim" asserted
against it).  As such, the allegations which the Nelsons failed
to deny are considered admitted. *See* Fed. R. Civ. P. 8(b)(6); *see
also, e.g., Russo v. Abington Memorial Hosp. Healthcare Plan,*
1998 WL 195860 at *1 (E.D. Pa. March 31, 1998) ("[B]oth [cross-
defendants] . . . were deemed to have admitted the factual
allegations in the amended cross-claim filed by their codefendant
because neither [party] . . . filed an answer to the
cross-claim."); *Resolution Trust Corp.,* 1993 WL 451475 at *1
(awarding default judgment against the cross-defendant "for his
failure to answer or otherwise appear to defend against [the]
Cross-claim")).  The Nelsons, like the Plaintiffs, are therefore

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Memorandum Opinion
Page 14

deemed to have admitted that the Trust holds superior title to the Abraham's Fancy Property.

The undenied facts alleged in the Trust's counter-and-cross-claim show that the parties agree as to the superiority of the Trust's title to the Abraham's Fancy Property.  Accordingly, the Trust is entitled to a judgment on the pleadings quieting title to the Abraham's Fancy Property.[4] *See, e.g., Netsky v. Sewer* 205 F. Supp. 2d 443, 457 (D.V.I. 2002) (entering judgment quieting title to real property in favor of the claimant).

## IV.   CONCLUSION

Based on the foregoing, the Court will grant the motion for judgment on the pleadings as to Count One of the Trust's action against the Plaintiffs and the Nelsons.  With respect to Count Three, the motion for judgment on the pleadings will be denied as moot.  The motion for summary judgment on Counts One and Three will also be denied as moot.  An appropriate Judgment follows.

S_____
                    **CURTIS V. GÓMEZ**
                    **Chief Judge**

_____

[4]  Because it is uncontested that the Trust holds superior title to the Abraham's Fancy Property, the Court need not address the adverse possession claim alleged in Count Three.

FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
                                    )
ESTATE OF JAMES KEAN, EARNEST KEAN, )
ALVA MARSH, WARREN MARSH, JEWEL     )
MARSH MOOLENAR, and PATRICIA        )
LOONEY, individually, and as        )
guardian for IRMA MARSH CALIGIONE,  )
                                    )
            Plaintiffs,             )
                                    )
            v.                      )
                                    )
UNITED STATES OF AMERICA, through   )
the NATIONAL PARK SERVICE, TRUST    )
FOR PUBLIC LAND, LEILA ADLER, IRMA  )
CALIGIONI, CAROLYN ORTIZ,           )      Civil No. 1998-176
individually and as executor of the )
ESTATE OF HALLIE ORTIZ, OUIDA       )
NELSON, JOSEPH ADLER, VALENTINO     )
NELSON, NELINDA NELSON, and the     )
ESTATE OF DOUGLAS NELSON,           )
                                    )
            Defendants.             )
_____)
                                    )
UNITED STATES OF AMERICA, through   )
the NATIONAL PARK SERVICE,          )
                                    )
        Third-Party Plaintiff,      )
                                    )
            v.                      )
                                    )
TRUST FOR PUBLIC LAND,              )
                                    )
        Third-Party Defendant.      )
_____)
```

ATTORNEYS:

Cathy M. Smith, Esq.
St. Croix, U.S.V.I.
    *For the plaintiffs,*

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Judgment
Page 2

**Joycelyn Hewlett, Esq.**
St. Thomas, U.S.V.I.
*For the United States of America through the National Park Service,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
*For the Trust for Public Land,*

**Carol Ann Rich, Esq.**
St. Thomas, U.S.V.I.
*For Carolyn Ortiz, individually and as executor of the Estate of Hallie Ortiz,*

**Valentino Nelson**
St. Thomas, U.S.V.I.
*Pro se,*

**Nelinda Nelson**
St. Thomas, U.S.V.I.
*Pro se.*

<u>**JUDGMENT**</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the Trust for Public Land (the "Trust") for judgment on the pleadings on Counts One and Three of its counterclaims against the Estate of James Kean, Ernest Kean, Alva Marsh, Warren Marsh, Jewel Marsh Moolenaar, and Patricia Looney, individually, and as guardian for Irma Marsh Caligione (collectively, the "Plaintiffs"). The Trust also moves for judgment on the pleadings on Counts One and Three of its cross-claims against the Estate of Douglas Nelson, Valentino Nelson, and Nelinda Nelson (the "Nelsons"). Alternatively, the Trust moves for summary judgment on its counterclaims and cross-

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Judgment
Page 3

claims.  For the reasons stated in the accompanying Memorandum

Opinion of even date, it is hereby

     **ORDERED** that the motion for judgment on the pleadings on

Count One of the Trust's counterclaim against the Plaintiffs and

cross-claim against the Nelsons is **GRANTED**; it is further

     **ORDERED** that Parcel 3A-3 Abraham's Fancy, Maho Bay Quarter,

St. John, U.S. Virgin Islands is **QUIETED** in favor of the Trust;

it is further

     **ORDERED** that the motion for judgment on the pleadings on

Count Three of the Trust's counterclaim against the Plaintiffs

and cross-claim against the Nelsons is **DENIED** as moot; it is

further

     **ORDERED** that the causes of action asserted in Counts Two and

Three of the Trust's counterclaim against the Plaintiffs and

cross-claim against the Nelsons are **DISMISSED** as moot; and it is

further

     **ORDERED** that the Trust's motion for summary judgment is

**DENIED** as moot.

                                           S\_____
                                            **CURTIS V. GÓMEZ**
                                            **Chief Judge**

*Kean v. Nat'l Park Serv., et al.*
Civil No. 1998-176
Judgment
Page 4

Copy:

Joycelyn Hewlett, AUSA
A.J. Weiss, Esq.
Jay Isherwood, Esq.
Richard Knoepfel, Esq.
Nelinda and Valentino Nelson
Bailey Figler, Esq.