**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| ESTATE OF JAMES E. KEAN, ERNEST O. KEAN, ALVA A. MARSH, WARREN S. MARSH, JEWEL R. MOOLENAAR MARSH, and PATRICIA LOONEY, individually, and as guardian for IRMA MARSH CALIGIONE, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, through the NATIONAL PARK SERVICE, TRUST FOR PUBLIC LAND, IRMA CALIGIONI, CAROLYN ORTIZ, individually and as executor of the ESTATE OF HALLIE ORTIZ, VALENTINO NELSON, NELINDA NELSON, and the ESTATE OF DOUGLAS NELSON, <br><br> Defendants. | Civil No. 1998-176 |

**APPEARANCES:**

**Cathy M. Smith, Esq.**
St. Croix, U.S.V.I.
　　*For the plaintiffs,*

**Joycelyn Hewlett, Esq.**
St. Thomas, U.S.V.I.
　　*For the United States of America through the National Park Service,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
　　*For the Trust for Public Land,*

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 2

**Carol Ann Rich, Esq.**
St. Thomas, U.S.V.I.
   *For Carolyn Ortiz, individually and as executor of the
   Estate of Hallie Ortiz*,

**Nelinda Nelson**
11A Rejgershings Gade, St. Thomas, U.S.V.I. 00802
   *Pro se.*

## PARTITION DECREE

**GÓMEZ, C.J.**

Before the Court is the action for partition of certain real property described as Parcel 3A, Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands (the "Property"). Upon review of the record, the Court finds as follows:

1.  On March 27, 1961, Harvey Monroe Marsh ("Marsh") executed a deed (the "1961 Deed"), conveying life estates in certain real property described as Estate Maho Bay, Maho Bay Quarter, St. John, U.S. Virgin Islands (the "Maho Estate") to: his children, Io L. Kean, Hallie Ortiz, Leila Adler, Irma Marsh Caligione, Carlyle Marsh, Aegis Marsh, Arnett Marsh, and Ouida Nelson; and to Grace O. Penn, Ella Jensen, and Ellen Daniel. The 1961 Deed also provided that, upon the death of the last life tenant, the Maho Estate would be conveyed to the grandchildren of Marsh who were alive at the time of Marsh's death. Finally, it reserved for Marsh a life estate in the Maho Estate and the right to further

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 3

      convey all or any part of the Maho Estate. The 1961 Deed was recorded with the Recorder of Deeds for the District of St. Thomas and St. John, United States Virgin Islands (the "Recorder"), in Protocol 5U, at page 157.

2. On September 30, 1965, Marsh executed a deed (the "1965 Deed"), conveying to Hallie Ortiz a three-acre portion of the Maho Estate, currently described as Parcel 3A-3, Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands ("Parcel 3A-3"). That deed was recorded with the Recorder on November 4, 1965.

3. The portion of the Maho Estate remaining after the September 30, 1965, conveyance of Parcel 3A-3 is the Property at the heart of this partition action. The Property consists of approximately 419.5 acres.

4. On March 24, 1970, three of Marsh's grandchildren – Ronald Ortiz, Yvonne Ortiz, and Carolyn Ortiz – conveyed their anticipated future interests in the Property under the 1965 Deed to the National Park Foundation, in three separate indentures.

5. On December 1, 1971, Marsh died. At the time of his death, Marsh had eleven living grandchildren: James E. Kean, Ernest O. Kean, Jewel R. Moolenaar Marsh, Alva A. Marsh, Warren S. Marsh, Ronald Ortiz, Yvonne Ortiz, Carolyn Ortiz, Douglas A.

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 4

    Nelson, Patricia Ann Caligione (now Patricia Looney), and Joseph Adler.

6. By deed dated April 20, 1975, the National Park Foundation, in turn, transferred its remainder interest in the Property to the United States of America. That deed was recorded with the Recorder on December 4, 1975, in Book 16-X, pages 312, Sub. No. 3854, Aux. 24, page 113.

7. On September 8, 1998, the Estate of James E. Kean, Ernest O. Kean, Alva A. Marsh, Warren S. Marsh, Jewel R. Moolenaar Marsh, and Patricia Looney (collectively, the "Plaintiffs") commenced this action for partition of the Property in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John (the "Superior Court").[1] The Plaintiffs, who all claimed future interests in the Property, named as defendants the only remaining life tenants of the Property who were alive when the suit was filed: Hallie Ortiz, Leila Adler, Irma Marsh Caligione, and Ouida Nelson. The

---

[1] Prior to 2005, the local court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to the Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, this Court employs the terms Superior Court and Superior Court Judge.

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 5

    Plaintiffs also named the United States of America as a defendant.

8. On October 14, 1998, the matter was removed to this Court pursuant to a notice of removal filed by the United States.

9. On April 30, 1999, Hallie Ortiz died.

10. On August 3, 2000, Leila Adler died.

11. On November 17, 2003, the Trust for Public Land (the "Trust") purchased Joseph Adler's remainder interest in the Property under the 1961 Deed. The November 17, 2003, deed was recorded with the Recorder on January 29, 2004, as Document No. 2004000686.

12. On November 18, 2003, the Plaintiffs amended their complaint to add the Trust as a defendant in this action.

13. On November 25, 2005, Ouida Nelson died.

14. On November 29, 2005, upon the Plaintiffs' request, the Magistrate Judge appointed referees to oversee the partition of the Property.

15. On December 22, 2006, the Trust moved for a determination and closure of the class of Marsh's grandchildren who may be entitled to an interest in the Property. Notice to Marsh's heirs was published in the Virgin Islands Daily news once a week for four consecutive weeks.

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 6

16. On June 25, 2007, the Magistrate Judge entered an order finding that the class of grandchildren surviving Marsh entitled to a remainder interest in the Property is closed and limited to the following eleven individuals: James E. Kean, Ernest O. Kean, Jewel R. Moolenaar Marsh, Alva A. Marsh, Warren S. Marsh, Ronald Ortiz, Yvonne Ortiz, Carolyn Ortiz, Douglas A. Nelson, Patricia Ann Caligione (now Patricia Looney), and Joseph Adler.

17. Pursuant to a Limited Warranty Deed dated September 24, 2007 (the "2007 Deed"), Alva A. Marsh, Warren S. Marsh, Jewel R. Moolenaar Marsh, Allegra D. Kean as Administratrix of the Estate of James E. Kean, Ernest O. Kean, and Patricia Looney, as well as Allegra D. Kean, individually, Camille Kean, individually, and Josephine Kean, individually (the "Grantors"), conveyed their remainder interests in the Property to the Trust. The conveyance was made subject to a contractual obligation of the Trust to reconvey certain portions of the Property (the "Reconveyed Lots") to the Grantors, as part of this partition proceeding. The Reconveyed Lots consist of a total of 42 acres, and are made subject to various restrictions set forth in an exhibit to the 2007 Deed.

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 7

18. On September 26, 2007, the Magistrate Judge issued a Report and Recommendation suggesting that the Court accept the referees' June 12, 2007, Report and June 17, 2007, Valuation (together, the "Referees' Report," or the "Report") as an equitable partition of the Property. The Referees' Report divides the Property into eleven shares: one share for each of Marsh's surviving grandchildren. Three of the eleven shares are allocated to the United States, representing the interests it indirectly acquired from Ronald Ortiz, Yvonne Ortiz, and Carolyn Ortiz. Seven of the eleven shares are allocated to the Trust, representing the interests it acquired from Joseph Adler, Alva A. Marsh, Warren S. Marsh, Jewel R. Moolenaar Marsh, the Estate of James E. Kean, Ernest O. Kean, and Patricia Looney. One of the eleven shares is allocated to the Estate of Douglas Nelson.

19. None of the parties filed timely objections to the Report and Recommendation.

20. On December 14, 2007, this Court entered an Order adopting the Report and Recommendation. The December 14, 2007, Order confirmed the Referees' Report in its entirety, and directed that the Property be partitioned in accordance therewith.

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 8

21. On January 28, 2009, Irma Marsh Caligione – the only remaining life tenant of the Property at the time – renounced her life estate in the Property.

    Accordingly, pursuant to the Referees' Report confirmed by this Court, it is hereby

    **ORDERED**, **ADJUDGED,** and **DECREED,** that the Property shall be **PARTITIONED** as follows:

1. The following real property, totaling approximately 38.14 acres more or less as determined by the Referees, representing a 1/11 remainder interest in the Property, is partitioned to, and title is quieted in favor of, the Estate of Douglas Nelson:

    (a) Parcel 3A-12 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 1.007 acres, as shown on the partition survey attached hereto as Appendix 1, and described in the boundary description attached hereto as Appendix 2.  Parcel 3A-12 encompasses a cottage;

    (b) Parcel 3A-11 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 3.002 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1A, and described in the boundary description attached hereto as Appendix 3;

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 9

      (c)    Parcel 3A-21 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 7.501 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1B, and described in the boundary description attached hereto as Appendix 4; and

      (d)    Parcel 3A-22 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 26.632 acres, as shown on the partition survey attached hereto as Appendix 1, and described in the boundary description attached hereto as Appendix 5.

2. Parcel 3A-24 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, totaling approximately 114.4 acres more or less as determined by the Referees, as shown on the partition survey attached hereto as Appendix 1, and described in the boundary description attached hereto as Appendix 6, is partitioned to, and title is quieted in favor of, the United States of America. Parcel 3A-24 represents a 3/11 remainder interest in the Property.

3. The following real property, representing a portion of the Reconveyed Lots, is partitioned to, and title is quieted in favor of, the Estate of James E. Kean, subject to the restrictions set forth in Exhibit B to the 2007 Deed,

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 10

    attached hereto as Appendix 7, which shall run with the land in perpetuity:

(a)    Parcel 3A-4 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 2.86 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1A, and described in the boundary description attached hereto as Appendix 8; and Parcel 3A-5 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 2.867 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1A, and described in the boundary description attached hereto as Appendix 9; and

(b)    Parcel 3A-14 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 2.837 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1B, and described in the boundary description attached hereto as Appendix 10; and Parcel 3A-19 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 2.468 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1B, and described in the boundary description attached hereto as Appendix 11.

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 11

4.  Parcel 3A-6 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, totaling approximately 2.938 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1A, and described in the boundary description attached hereto as Appendix 12; and Parcel 3A-8 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, totaling approximately 2.872 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1A, and described in the boundary description attached hereto as Appendix 13, are partitioned to, and title is quieted in favor of, Alva A. Marsh, subject to the restrictions set forth in Exhibit B to the 2007 Deed, attached hereto as Appendix 7, which shall run with the land in perpetuity. Parcels 3A-6 and 3A-8 represent a portion of the Reconveyed Lots.

5.  Parcel 3A-7 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, totaling approximately 2.872 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1A, and described in the boundary description attached hereto as Appendix 14; and Parcel 3A-13 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, totaling approximately 3.005 acres, as shown on the partition surveys attached hereto as Appendices 1 and

1B, and described in the boundary description attached hereto as Appendix 15, are partitioned to, and title is quieted in favor of, Patricia Looney, subject to the restrictions set forth in Exhibit B to the 2007 Deed, attached hereto as Appendix 7, which shall run with the land in perpetuity. Parcels 3A-7 and 3A-13 represent a portion of the Reconveyed Lots.

6. Parcel 3A-9 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, totaling approximately 3.008 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1A, and described in the boundary description attached hereto as Appendix 16; and Parcel 3A-10 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, totaling approximately 3.004 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1A, and described in the boundary description attached hereto as Appendix 17, are partitioned to, and title is quieted in favor of, Warren S. Marsh, subject to the restrictions set forth in Exhibit B to the 2007 Deed, attached hereto as Appendix 7, which shall run with the land in perpetuity. Parcels 3A-9 and 3A-10 represent a portion of the Reconveyed Lots.

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 13

7.  Parcel 3A-15 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, totaling approximately 2.837 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1B, and described in the boundary description attached hereto as Appendix 18; and Parcel 3A-16 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, totaling approximately 2.840 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1B, and described in the boundary description attached hereto as Appendix 19, are partitioned to, and title is quieted in favor of, Ernest O. Kean, subject to the restrictions set forth in Exhibit B to the 2007 Deed, attached hereto as Appendix 7, which shall run with the land in perpetuity. Parcels 3A-15 and 3A-16 represent a portion of the Reconveyed Lots.

8.  Parcel 3A-17 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, totaling approximately 3.001 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1B, and described in the boundary description attached hereto as Appendix 20; and Parcel 3A-18 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, totaling approximately 3.003 acres, as shown on the partition surveys attached hereto as Appendices 1 and

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 14

      1B, and described in the boundary description attached hereto as Appendix 21, are partitioned to, and title is quieted in favor of, Jewel R. Moolenaar Marsh, subject to the restrictions set forth in Exhibit B to the 2007 Deed, attached hereto as Appendix 7, which shall run with the land in perpetuity. Parcels 3A-17 and 3A-18 represent a portion of the Reconveyed Lots.

9. The following real property, totaling approximately 224.4 acres more or less as determined by the Referees, representing the balance of a 7/11 remainder interest in the Property after subtracting the Reconveyed Lots, is partitioned to, and title is quieted in favor of, the Trust:

    (a) Parcel 3A-23 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 208.2 acres, as shown on the partition survey attached hereto as Appendix 1, and described in the boundary description attached hereto as Appendix 22; and

    (b) Remainder Parcel 3A Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 18.001 acres, as shown on the partition survey attached hereto as Appendix 1, and described in the boundary description attached hereto as Appendix 23.

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 15

10. In addition, the following Right of Ways ("R.O.W.") and access easements are created:

    (a) R.O.W. Parcel 3A-R1 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 0.610 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1A, and described in the boundary description attached hereto as Appendix 24, shall be partitioned to the following, as tenants-in-common:

    | Owner | Undivided Interest |
    |---|---|
    | i. Patricia Looney | 1/5 |
    | ii. Alva A. Marsh | 2/5 |
    | iii. Estate of James E. Kean | 2/5 |

    A 1/5 interest in 3A-R1 shall run with each benefitted parcel, for the purpose of providing access to and from Parcels 3A-4, 3A-5, 3A-6, 3A-7, and 3A-8 only, and such parcel owners shall have the unilateral right to construct improvements on R.O.W. Parcel 3A-R1;

    (b) R.O.W. Parcel 3A-R2 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 0.372 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1B, and described in the boundary description attached hereto as Appendix 25,

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 16

      shall be partitioned to the following, as tenants-in-common:

| Owner | Undivided Interest |
|---|---|
| i.  Estate of James E. Kean | 1/3 |
| ii. Ernest O. Kean | 2/3 |

      A 1/3 interest in 3A-R2 shall run with each benefitted parcel, for the purpose of providing access to and from Parcels 3A-14, 3A-15, and 3A-16 only, and such parcel owners shall have the unilateral right to construct improvements on R.O.W. Parcel 3A-R2;

(c) R.O.W. Parcel 3A-R3 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 0.539 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1B, and described in the boundary description attached hereto as Appendix 26, shall be partitioned to the Estate of James E. Kean, subject to the service access easement set forth in paragraph (d) below, and further subject to providing unrestricted access to the extent permitted by law to and from Parcels 3A-17, 3A-18, 3A-19, 3A-21, and Parcel 1-A Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands;

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 17

    (d)    The Trust and the United States of America National Park Service ("NPS") shall have a perpetual, non-exclusive easement and limited right of entry across R.O.W. Parcel 3A-R3 for the purpose of providing a service access for ingress and egress to Parcel 3A-23. This service access shall be used for park administrative and property purposes by the Trust or NPS personnel, staff, or agents, but nothing contained herein shall be construed or interpreted as an easement for the public; and

    (e)    Access Easement 3A-23R4 Estate Abraham's Fancy, #3A Maho Bay Quarter, St. John, U.S. Virgin Islands, comprising 0.246 acres, as shown on the partition surveys attached hereto as Appendices 1 and 1B, and described in the boundary description attached hereto as Appendix 27, shall provide access to Parcel 3A-23 for the benefit of Parcel 3A-21; and it is further

**ORDERED** that a copy of this Partition Decree shall be recorded with the Recorder of Deeds, and shall constitute a conveyance to each of the parties of the Property, as more fully set forth above, in fee simple absolute, subject only to the provisions herein set forth and the development restrictions set forth in Appendix 7, and inure to the benefit of each party,

*Kean v. United States, et al.*
Civil No. 1998-176
Partition Decree
Page 18

their heirs, successors, and assigns, free and clear from any and all claims of the other parties and of any other person, as of the date of this Partition Decree; it is further

**ORDERED** that the partition surveys attached hereto as Appendices 1, 1A, and 1B, dated July 28, 2008, and prepared by Harry A. Gauriloff, R.L.S. #488, of Marvin Berning & Associates, are approved by this Court and shall be filed and recorded with the Cadastral Section of the Virgin Islands Lieutenant Governor's Office, Division of St. Thomas and St. John; and it is further

**ORDERED** that, pursuant to title 28, section 497 of the Virgin Islands Code and 28 U.S.C. § 1920(6), the costs of this partition, including the Referees' fees and the costs of the surveyor, Harry A. Gauriloff of Marvin Berning & Associates, shall be apportioned as follows: (a) the Trust shall pay and be responsible for 7/11 of said fees and expenses; (b) the United States of America shall pay and be responsible for 3/11 of said fees and expenses; and (c) the Estate of Douglas Nelson shall pay and be responsible for 1/11 of said fees and expenses. All parties shall bear their own attorneys' fees and costs.

S\_____
       **CURTIS V. GÓMEZ**
          **Chief Judge**